# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:21cr223.17 |
| § | Judge Mazzant |
| CRYSTAL CROWDER § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's *Pro Se* Motion to Amend and Adjust Sentence (Dkt. #1819) and Motion to Reduce Sentence – First Step Act (Dkt. #1820). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

On April 21, 2022, the Grand Jury for the Eastern District of Texas, Sherman Division returned a 14-count First Superseding Indictment, which included a forfeiture notice, against Crystal Crowder, also known as "Cupcake" and 28 codefendants (Dkt. #84, *sealed*). Count 1 charged all defendants with Conspiracy to Possess with the Intent to Manufacture and Distribute 500 Grams or More of Methamphetamine and 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A). Counts 5 and 6 charged the defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). Defendant was not named in the other counts nor the preceding Indictment.

On November 10, 2022, the Grand Jury for the Eastern District of Texas, Sherman Division, returned a 14-count Second Superseding Indictment, which included a forfeiture notice, against Crystal Crowder, also known as "Cupcake" and 31 codefendants (Dkt. #410, *sealed*). The

end date of Count 1 was extended to November 10, 2022, and Counts 5 and 6 remained the same. Defendant was not named in the other counts.

On January 12, 2023, the Grand Jury for the Eastern District of Texas, Sherman Division, returned a 17-count Third Superseding Indictment, which included a forfeiture notice, against Crystal Crowder, also known as "Cupcake" and 64 codefendants (Dkt. #542, *sealed*). The end date of Count 1 was extended to January 12, 2023, and Counts 5 and 6 remained the same. Defendant was not named in the other counts.

On November 8, 2023, the Grand Jury for the Eastern District of Texas, Sherman Division, returned a 17-count Fourth Superseding Indictment, which included a forfeiture notice, against Crystal Crowder, also known as "Cupcake" and 70 codefendants (Dkt. #1150, *sealed*). The end date of Count 1 was extended to November 8, 2023, and Counts 5 and 6 remained the same. Defendant was not named in the other counts.

On April 12, 2024, Defendant appeared, with counsel, before United States Magistrate Judge Aileen Goldman Durrett and entered a plea of guilty to Count 1 of the Third Superseding Indictment, pursuant to a written, Fed. R. Crim. P. 11(c)(1)(C), binding Plea Agreement (Dkt. #1516). On April 24, 2024, the undersigned adopted the United States Magistrate Report but deferred acceptance of the plea agreement until after review of the presentence report.

On January 6, 2025, Defendant was sentenced by the undersigned to 120 months imprisonment and supervised release of 5 years (Dkt. #1790).

## LEGAL STANDARD

I.     **18 U.S.C. § 3582(c)(1)(A)**

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). "Often referred to as 'compassionate release,' § 3582(c)(1)(A) embodies a rare exception to a conviction's finality." *United States v. Wilson*, No. 1:07-CR-236-MAC-CLS-1, 2024 WL 4267923, at *3 (E.D. Tex. Sept. 23, 2024). The statute gives the Court discretion, under certain circumstances, to reduce a defendant's term of imprisonment. *Id.* The First Step Act of 2018, in part, states:

> (A)    the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i)    extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii)   the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Pub. L. No. 115-391, 132 Stat. 5194, codified as 18 U.S.C. §3582(c)(1)(A).[1]

Instead of defining "extraordinary and compelling reasons," Congress delegated its authority to the United States Sentencing Commission ("Commission") to define the term. *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"); *see also Wilson*, 2024 WL 4267923, at *3 (collecting cases); *United States v. Jean*, 108 F.4th 275, 278 (5th Cir. 2024). "Although the Commission issued a policy statement prior to the passage of the [First Step Act] that described the reasons that qualify as extraordinary and compelling, that policy statement referenced only those motions filed by the Director of the [Bureau of Prisons]" *Wilson*, 2024 WL 4267923, at *3. Accordingly, the Fifth Circuit held that the policy statement was inapplicable to motions filed by defendants on their own behalf. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

This changed on November 1, 2023, when the amendments to the United States Sentencing Guidelines ("Guidelines") became effective. The Commission amended the Guidelines to extend the applicability of the policy statement set forth in U.S.S.G. § 1B1.13 to defendant-filed motions and to broaden the scope of what qualifies as "extraordinary and compelling" reasons potentially warranting compassionate release. *Wilson*, 2024 WL 4267923, at *4 (citing U.S.S.G. § 1B1.13). Section 1B1.13(b), as amended, identifies six categories of circumstances that may qualify as "extraordinary and compelling." U.S.S.G. § 1B1.13(b). The categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the

---

[1] This provision is often referred to as "compassionate release." *See Wilson*, 2024 WL 4267923, at *3 (citing *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

4

family circumstances of the defendant; (4) whether the defendant was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence. *Id.* § 1B1.13(b)(1)–(6). Notably, rehabilitation alone is insufficient to grant a defendant's motion for compassionate release. *Jean*, 108 F.4th at 279.

## II.     Exhaustion of Administrative Remedies

Section 3582(c)(1)(A) states that the Court may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement. *Wilson*, 2024 WL 4267923, at *4 (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020)).[2] That is, a defendant may not seek relief from a court before first exhausting each administrative avenue available to the defendant. *See Wilson*, 2024 WL 4267923, at *4. "Accordingly, before seeking relief from the [C]ourt, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

This exhaustion requirement is a "mandatory claim-processing rule," which means a defendant may not waive it himself. *Franco*, 973 F.3d at 468; *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory . . . we must enforce this procedural rule"). However, that is not to say the exhaustion requirement can never be waived. Section 3582(c)'s exhaustion requirement is a claim-processing rule—not a

---

[2] The exhaustion requirement applies whether the motion is styled as one for compassionate release or merely for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *Wilson*, 2024 WL 4267923, at *4.

5

jurisdictional prerequisite. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Thus, like other claim-processing rules, "the Government must properly raise the rule before it will be enforced." *Id.* (cleaned up); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (cleaned up and citations omitted) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it . . . But an objection based on a mandatory claim-processing rule may be forfeited if the party asserting the rule waits too long to raise the point."). In turn, if the Government does not invoke the exhaustion requirement, the Court will deem the matter waived for the purposes of a defendant's motion under § 3582(c)(1)(A). *See Ward*, 11 F.4th at 361; *see also United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022) (finding abuse of discretion where the failure to exhaust administrative remedies was raised *sua sponte*).

## ANALYSIS

On February 24, 2025, Defendant, Crystal Crowder, filed a motion with the Court seeking a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on "extraordinary & compelling" circumstances, citing that her father is incapacitated due to health risks. She further stated she should have "technically 8 years credited towards this sentence…" and will "make every effort to comply with any and all stipulations" of supervision (Dkt. #1820). Defendant Crowder has requested release so she can provide onsite care for her father and assist with his transportation to and from his medical appointments.

Defendant Crowder also reported she is currently not in BOP custody, nor is she designated to a BOP facility at the current time. She specified at the time of her filing that she is in local jail custody in Rains County, Texas, awaiting resolution of pending state charges. According to

6

Defendant Crowder, however, she has been incarcerated for approximately 3 years on the current federal case, adding that the charges for which she is awaiting resolution are also related to the federal instant offense.

Defendant was convicted on January 6, 2025, of the offense of Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, a violation of Title 21 U.S.C. §846, 841(a)(1), 841(b)(1)(A). Defendant was sentenced to 120 months imprisonment and the judgment was ordered to run "consecutively to the defendant′s pending cases for Unauthorized Use of a Motor Vehicle, under Docket No.: 6254; Possession of a Controlled Substance Penalty Group 1 Less Than 1 Gram, under Docket No.: 6253; and Unlawful Possession of Firearm by a Felon, under Docket No.: 6252, all in the 8th Judicial District Court in Sulphur Springs, Texas, because they are not relevant conduct to the instant federal offense."

In relation to Defendant's current motion, it would be necessary for her to have served the minimum sentence requirements for consideration of release, as well as fulfilling administrative exhaustion requirements of § 3582(c)(1)(A). Although Defendant reported she has been in local jail custody for 3 years for the current federal conviction, her judgment does not specify that her incarceration sentence should begin on the date of her initial arrest, nor was an allowance of credit for time served specified in her judgment.

Defendant Crowder came into local jail custody on state charges in Rains County, Texas on January 15, 2025. Defendant is not currently in federal custody; instead, she is awaiting transport to state prison and a federal detainer is in place pending completion of her recent state felony sentence. Defendant Crowder also appeared on March 6, 2025, before the Honorable

District Judge Randal McDonald for resolution of state charges in Docket Numbers 6252, 6253, 6254, 6295, 6296, 6297.

Defendant Crowder is currently in local jail custody, awaiting transport to the Texas Department of Criminal Justice, Institutional Division, following a recent Plea of Guilty for the felony offense of Bail Jumping, for which she was sentenced to 5 years of imprisonment. Defendant has no designation to a BOP facility at this time, rendering any ability to file Administrative Remedies as futile. As such, it appears Defendant Crowder has not met criteria to exhaust the required Administrative Remedies with the BOP prior to filing her Motion for Compassionate Release and/or Reduction of Sentence to the Court.

## CONCLUSION

It is therefore **ORDERED** that Defendant's *Pro Se* Motion to Amend and Adjust Sentence (Dkt. #1819) and Motion to Reduce Sentence – First Step Act (Dkt. #1820) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

**SIGNED this 28th day of April, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE